Good morning, Your Honors, and may it please the Court. My name is Eileen Kim. I'm a certified law student under the supervision of Anne Richardson at UC Irvine School of Law. We're here today on behalf of Appellant Mr. Burton. I'll be covering the Washington issue, and my colleague Andrea Levinson will be covering whether there was even a BACA 2. We reserve two minutes for rebuttal. The District Court below erred in treating the heck dismissal of the BACA action as a BACA action. Neither, Your Honor. Our position is that they are one and the same. The panel of this Court held in Washington that a heck dismissal does not categorically count as a strike under the PLRA. Instead, the analytical framework centers around the substance of the complaint. In our case, we have a would-be habeas action that should have been construed as one under this Circuit's precedent, and it would not have incurred a strike because habeas actions are not civil actions that fall within the purview of the PLRA. The result would be that Mr. BACA asked for damages as well as preliminary injunction in BACA 1? Correct, Your Honor. Is that habeas? I'm sorry? Is that a habeas request? We believe that it was a habeas because he did ask for damages, but he was also seeking injunctive relief to overturn his conviction. Well, what do we do with his request for damages? Do we just disregard that because it's a pro se? No, Your Honor. In that case, if the Court believes that the damages claim prevents this from being a would-be habeas action, then we also have Washington, an intertwined heck habeas action, and this would be what falls within it. I don't follow you. Please repeat yourself. I apologize. In Washington, this Court explained that there could be an intertwined heck and habeas claim, and if the BACA action were not to be construed as a would-be habeas action, it could still be construed as an intertwined heck habeas claim. And even if it were to be construed as an intertwined claim, this Circuit's precedent under Washington still says that because of the habeas action, incurring a strike would have been inappropriate. Only if this Court finds no habeas actions should this Court go on to analyze whether the BACA action was dismissed for failure to state a claim. Heck dismissals may constitute 12 v. 6 dismissals for failure to state a claim if the pleadings present an obvious bar to securing relief. The State has not argued that that applies in our case. If there are no further questions... Well, I don't know if this is you or your colleague. BACA 2. Who's going to talk about BACA 2? My colleague. Oh, okay. All right. Then do you know, I think, where Mr. Burton is now? Is he in Los Angeles now? Did the shoe mix-up get resolved? How long was he totally in the shoe? Do you know? It's not in the record, Your Honor, but as of the time the complaint was filed, he had been in there for eight months. And the complaint was filed in 2012. Thank you. I'll pass it on to my colleague now. Thank you. Good morning, Your Honors. Andrea Levinson, certified law student at UC Irvine School of Law. I'll be addressing the BACA 1 and BACA 2 issue. The record overwhelmingly shows that there is no BACA 2, and instead that BACAs 1 and 2 are the same case that was erroneously given two separate case numbers by the court clerk and never should have been treated as two separate strikes against Mr. Burton. Because of this, the district court erred when it assessed a separate strike for BACA 2. Mr. Burton never could have brought BACA 2. Are you conceding that BACA 1 is a strike? Not at all, Your Honor. But although both cases should, although the same case that was given two account numbers should never have been counted as a strike under Washington, even if this court disagrees with our statement, BACA 2 was not a case that Mr. Burton brought at all. So your argument is BACA 1 doesn't count as a strike under the PLRA because of Washington, the case of Washington, and because it sounds in habeas, it shouldn't count. But regardless, you're also arguing that because there were some procedural problems with BACA 2, it's revealed that it's one and the same? Correct. That either way, he doesn't have? Either way, Mr. Burton does not have three strikes. Mr. Burton could not have brought BACA 2. The record overwhelmingly shows that there was no complaint ever initiating the BACA 2 action. The only time a complaint ever shows up in the docket at all is over two weeks after the magistrate judge made a recommendation for dismissal of BACA 2. The defendants here argue that Mr. Burton should have remedied the filing error in BACA 2 in 2008 after it happened. And I guess my question is, did he try or does he have access to computers in the prisons and would he have been able to see these two dockets and piece together the error? No, Your Honor. Mr. Burton was housed at the Vacaville Mental Health Hospital ward at the time that these actions were filed. And he had access to a pen one hour per day. Mr. Baca, I'm sorry, Mr. Burton had access to a writing pen for one hour per day. Regardless, the Ninth Circuit has consistently held that where the development of new facts is unnecessary and the facts are all developed below, that it can review these issues even if Mr. Burton didn't address them before his notice of appeal. Here, the defendants have provided the full dockets of each of these cases that they deemed as strikes against Mr. Burton. They've provided the dismissal orders, the IFP applications, and Your Honors have the complete record in front of them. The state doesn't raise any arguments that it would like to develop any facts. The dockets are before you completely. Do you offer any arguments with respect to the timeliness of the notice of appeal? Yes, Your Honor. The notice of appeal was timely because when the district court ordered Mr. Burton's IFP application to be revoked and the case to be dismissed, there was no judgment entered on a separate piece of paper as is common to this rule. For this type of denial, it is not one of the enumerated exceptions. This Court's holdings in several cases state that where such a judgment is not laid out in a separate document, the time to appeal does not begin to run. He would have 150 days to file his notice of appeal, which he did. Mr. Burton, besides the fact that no complaint was ever in the BACA II action, initiating that action, even the IFP request that the court received and the court clerk presumably used to open up that case was an IFP request that was sent to Mr. Burton in July when BACA I was still being litigated. When he filed that document, BACA I was being litigated. It's not possible to believe that Mr. Burton could have thought, this action will be dismissed in the next few months and I should initiate a new case while the first one is still being litigated. If there are no further questions, I'd like to reserve the rest of our time for rebuttal. Good morning. May it please the Court. My name is Brian Cowne. I represent the defendants in this case. This Court should dismiss this case for lack of jurisdiction because the notice of appeal was not filed within the 30 days as required. But if this Court is not inclined, then the Court should affirm for two reasons. One, the defendants... Let's deal with that first because there is a separate order requirement. How do you get around the separate order requirement if you're going to argue that? Under this Court's ruling of Andrews v. King, the November 1st revocation of plaintiff's IFP status and the dismissal operated as the final judgment. And because it was a final judgment, that started the clock on the notice of appeal period. But from your argument that you presented, I don't think that has anything to do with the separate document requirement under Rule 58. There are lots of orders that require a judgment to be filed in a separate document. And I think it was the Supreme Court in malice concluded that finality is not affected by the Rule 58 requirement. And in fact, it can be waived. Can you distinguish malice or do you have any other authority for the proposition that an order revoking IFP status would be an exception to Rule 58? Well, here it's the defendant's position that Andrews is instructive. And this comports with the purpose of 58, which is to prevent a situation where a party loses jurisdiction due to some ambiguity in the district court as to which of any of the orders applies as the final judgment. That is certainly not the case here. But I'd also like to point out, even if 58 applied, because of the conduct of the court and the parties in treating it as a final judgment, that waives any reliance on Rule 58. What's your authority for that? That's the Banker's Trust case cited in the reply briefs. It's directly on point. In that matter, the court dismissed the case in its entirety and the petitioner filed a notice of appeal. Everybody acted as though that order was the final judgment. So the court said there was no error in treating that. And because there was no separate judgment issued, they weren't going to rely on that. This is a similar situation. Here, we have the district court's order revoking and dismissing the case in its entirety. The court instructs the clerk to close the file that's specifically in the order. And then shortly thereafter, the plaintiff files a notice of appeal. And he only missed the deadline by a couple of days. That demonstrates his understanding that this was a final judgment. It demonstrates the understanding of the court that this would be a final judgment. And thus, the Banker's Trust directly applies. This is a waiver issue, if that's the case. But did the final order of the court constitute a separate judgment, or was it just a docket entry? Well, it was a docketed entry. There was an order set. And in the order, it specified that the case is dismissed, his IP status is revoked, and instructed... Maybe I didn't make myself clear. Was there a separate document entitled order? Yes, there was, Your Honor. It was an order of dismissal. And you're claiming that that was a separate document, the Rule 58? Well, our argument is that operated as a final judgment. But alternatively, even if 58 applied, then the separate document is waived. The requirement is waived. It's waived by what? By the action of the appellant in late filing of an appeal? It's waived in the fact that the parties and the court treated the November 1st... The appellant treated it as a final judgment. Because he filed the notice of appeal. That demonstrates an understanding on his part that the November 1st order operated as a final judgment. He promptly filed a notice of appeal, albeit untimely. In this situation, he's now after the fact claiming that a mechanical application of 58 should apply in order to reopen jurisdiction in the case, where up this point, he has operated as though that November decision was the final judgment. He cannot now claim that 58 should apply when his actions up until this moment have demonstrated that the November 1st order was the final judgment. Here, Bankers Trust is directly employed as well as the line of cases, which constitute that the separate document rule can be waived. Separately, I'd like to... Then argue the merits? Yes, Your Honor. I was going to do that. Regarding the burden of production here, here, the record demonstrates that over 100 pages of documents were submitted, demonstrating that on three prior occasions, the plaintiff brought three actions that were dismissed for a failure to state a claim. In each of those cases, the plaintiff, while he was in prison, sought IFP status. That meets each of the elements necessary under Section 1915G. Accordingly, the burden is shifted to the plaintiff to demonstrate the burden of persuasion. I just want to make sure I understand, because it seems like in your briefs, you argue that Mr. Burton intended to file BACA 2, and then you go an extra step, I think, and say that Mr. Burton sent in the complaint from BACA 1, and that doing so was a frivolous and malicious filing. But it seems when you look at the documents and look at the stamps on the front of BACA 2 complaint, it shows that the document was lodged, received, and returned all at the exact same time after the district court entered its dismissal order. I guess, can you address that? Are you suggesting that the clerk of the court received the complaint from Mr. Burton, but then didn't stamp it or do anything with it until the case was dismissed? I'm trying to figure out what your argument is in light of what I see from the documents and the stamps. Well, regarding the date stamps on BACA 2, yes, the October 3rd date stamp is marked received, returned, and lodged all on the same day. But that's not uncommon in pro se prisoner cases under 1983, where the district court has an obligation under Section 1915A to screen the complaint and dock it shortly before or after. So it's not uncommon for the fact that the complaint was not simultaneously filed with the initial IP request in that matter, and that the complaint was filed thereafter. And that's what happened here. But regarding the burden here, I'd like to direct the court's attention to... Well, is there anything to support your argument that Mr. Burton intend to file BACA 2, or are you just speculating? Because it looks like he received the request regarding BACA 1, and that there was a confusion at the clerk's office when he responded to that request, and there was a lot of, you know, striking out and physically writing on the document that this was BACA 2. When you look at the documents and they were filed, it looks like he was responding to what he thought was the BACA 1 request. No, and there is evidence. And I'll direct the court's attention to the Notice of Appeal Excerpt of Served Records 6, where regarding BACA 2, he admits that, and I'll quote, "...appellant incorrectly filed a habeas corpus claim onto a Section 1983 civil complaint." His own statements are an admission that he filed BACA 2, and that's consistent with the record. What do you mean his own statements are, I don't understand that. Well he admitted he filed BACA 2 in the Notice of Appeal. In response to what the court was asking with respect to BACA 1. I don't believe that's the interpretation from this. From this statement, he admits to filing BACA 2. The issue is, the plaintiff's contention is that this was a district court error. But in response to that, the Notice of Appeal, he directly admits to filing BACA 2. He doesn't say that, oh, he filed the IFP request in response to BACA 1. The two IFP requests in both cases are different. So here, if you look at the timing, the second IFP request was not submitted, was not received by the court until almost two weeks after the BACA 1 dismissal. And that's consistent with his own admission, where he filed BACA 2. So I think collectively, the record demonstrates that he did file BACA 2, and it constitutes a third strike here. Separately, the plaintiff cannot meet his burden of persuasion in the case. He offers four reasons, but each is refuted by the record. First, and as already addressed by your honors, the October 3rd filing of the complaint demonstrates that a complaint was filed. Second, and we've already touched upon the issue of the district court, it was the plaintiff and not the district court that actually filed this case. Third, there was no intent to bring any habeas here. So there was no intertwined heck bar where there was a monetary request or some sort of request to be released from prison. Here, the vague statement about injunctive relief was just that. It could not have been uttered a few phrases, I want to be released from prison. I want my conviction overturned. Instead, he knew he couldn't do that because he had exhausted habeas. He attached those denials to the BACA complaints. Instead, he sought monetary damages, punitive, compensatory, even damages for his mother, and then makes a vague reference regarding an injunction on prison officials with authority to carry out any orders granting injunctive relief. That is not an intent to bring habeas, and I see my time is over. If there are no further questions, thank you. How do you meet the opponent's citation of bankers' trust as to whether there's jurisdiction or not? Your Honor, that case is actually malice that Judge Maria is talking about, the Supreme Court decision in malice, Your Honor. It's the same case. And in malice... It's bankers' trust versus malice, but the fact that he calls it bankers' trust and you call it malice does not distinguish the case. Tell us why that case doesn't bar you. Because malice was standing for the proposition that the appellant may waive the jurisdiction, I'm sorry, the separate document requirement in order to accept the jurisdiction of a court. In this case, that's exactly what Mr. Burton did. He waived that requirement and decided to appeal. He did not wait until there was a separate document set forth. And that's why this court does have jurisdiction. He filed his appeal well within the 150-day timeframe. Also, the state cites O'Neill for the proposition that oftentimes the complaint is not filed simultaneously with the IFP form. In O'Neill, the court was deciding whether an IFP dismissal could count as a strike. And the argument there was that an IFP form and a request that was dismissed could not constitute an action that was brought under the PLRA because the complaint had not yet been filed. And so in addressing that, the court was explaining that the IFP request and resolution of that could count as the complaint itself. That in no way goes to a proposition that IFP requests can count as the complaint and that therefore a complaint was filed in BACA 2. Also, Your Honor, the state points to the stamps for the October 3rd receipt and the dismissal. But we want to point out that on September 4th, the magistrate judge recommended that it be dismissed. So it wasn't all that it happened on October 3rd. Rather, the court had before even in September the BACA 2 action supposedly. And that makes our argument even stronger, Your Honor.
judges: Bea, Murguia, Keeley